-PSO-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

TROY RANDOLPH,

        Plaintiff,

-v-

MONROE COUNTY JAIL,
MEDICAL PERSONAL et al.,
MENTAL HEALTH,
HEAD NURSE OF MENTAL HEALTH
7:00 and 3:00,
DR. CONNIE, and
BOOKING NURSE 12/13/04 7:00 and 3:00,

        Defendants.

05-CV-6264P

MEMORANDUM and ORDER

---

Plaintiff, who is incarcerated in the Monroe County Jail Correctional Facility, has requested permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and has both met the statutory requirements and furnished the Court with a signed Authorization. Accordingly, plaintiff's request to proceed as a poor person is hereby granted. For the reasons set forth below, some of his claims are dismissed, his motion for appointment of counsel is denied at this time, and service by the United States Marshal is directed.

## PLAINTIFF'S ALLEGATIONS

In the complaint, plaintiff sets forth one claim. Plaintiff alleges that on December 13, 2004 he was denied adequate medical attention while held at the Monroe County Jail, despite his requests and dramatic symptoms. He claims that he was feeling the "chills" and vomiting, but a nurse sent him away. He then suffered a stroke and was placed in a

wheel chair. Nevertheless, the doctor did not see him for two days. Further, despite the doctor's order for medication, plaintiff alleges that he did not receive the medication. He claims that he suffered for six days, and was unable to walk. He claims that despite his two grievances to the Sheriff, which allegedly went unanswered, his complaints were not remedied.

Plaintiff crossed out the blank section provided for a second claim and indicated that the attached copies of grievances regarding further denials of medication were still pending.

## DISCUSSION

Sections 1915(e)(2)(B) and 1915A(a) of 28 U.S.C. require the Court to conduct an initial screening of this complaint. In evaluating the complaint, the Court must accept as true all factual allegations and must draw all inferences in plaintiff's favor. See *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). Dismissal is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *and see Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. §§ 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d. Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir.1994)). Based on its evaluation of the complaint, the Court

finds that some of plaintiff's claims must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b) because they fail to state a claim upon which relief may be granted.

Plaintiff names the Monroe County Jail, Medical Personal et al., Mental Health, Head Nurse of Mental Health 7:00 and 3:00, Dr. Connie, and Booking Nurse 12/13/04 7:00 and 3:00, as defendants. A prerequisite for liability under a § 1983 claim is "personal involvement" by the defendants in the alleged constitutional deprivation. *Spencer v. Doe*, 139 F.3d 107, 112 (2d Cir. 1998).

> A defendant may be "personally involved" in causing a constitutional deprivation if: (1) defendant participated directly in the alleged infraction; or (2) acting in a supervisory capacity, defendant (a) failed to remedy a continuing or egregious wrong after learning of a violation, (b) created a policy or custom under which the unconstitutional practices occurred or allowed such policy or custom to continue, or (c) was "grossly negligent" in managing subordinates who actually caused the constitutional deprivation.

*Candelaria v. Coughlin*, 787 F.Supp. 368, 372 (S.D.N.Y. 1992) (citing *Williams v. Smith*, 781 F.2d 319, 323-24 (2d Cir. 1986)). "The bare fact that [the defendant] occupies a high position in the New York prison hierarchy is insufficient to sustain [plaintiff's] claim" *Colon v. Coughlin*, 58 F.3d 865, 874 (2d Cir. 1995). A claim which fails to demonstrate a defendant's personal involvement in the alleged constitutional deprivation is subject to *sua sponte* dismissal. *See Neitzke v. Williams*, 490 U.S. 319, 323 n. 2 (1989); *Montero v. Travis*, 171 F.3d 757, 761-62 (2d. Cir. 1999). Here, plaintiff has not provided any indication that the Monroe County Jail, and every doctor, nurse, and mental health worker at the Monroe County Jail was personally involved in the complained-of events. Accordingly,

3

plaintiff's claims against Monroe County Jail, Medical Personal et al., and Mental Health must be dismissed.

The claims are sufficient to survive this initial review as to Dr. Connie and to the Head Nurse of Mental Health and the Booking Nurse working the 7:00 a.m. and 3:00 p.m. shift on December 13, 2004. Plaintiff is directed to identify the "John Doe" defendants through discovery as soon as possible, and then apply to this Court for an order directing amendment of the caption and service on these defendants as soon as they have been identified.

## CONCLUSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to the filing fee, his request to proceed *in forma pauperis* is hereby granted. For the reasons discussed above, plaintiff's claims against Monroe County Jail, Medical Personal et al., and Mental Health are dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A. The U.S. Marshal is directed to serve the summons and complaint on Dr. Connie.

Because issue has not yet been joined – in other words, because defendants have not responded to the complaint yet – there is insufficient information to make the necessary assessment of plaintiff's claims under the standards promulgated by *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997), and *Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986). Therefore plaintiff's motion for appointment of counsel is denied without prejudice at this time. It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*. 28 U.S.C. § 1654.

## ORDER

IT HEREBY IS ORDERED, that plaintiff's request to proceed *in forma pauperis* is granted;

FURTHER, that plaintiff's claims against Monroe County Jail, Medical Personal et al., and Mental Health are dismissed with prejudice;

FURTHER, that the Clerk of the Court is directed to terminate defendants Monroe County Jail, Medical Personal et al., and Mental Health as parties to this action;

FURTHER, that plaintiff's motion for assignment of counsel is denied without prejudice;

FURTHER, that the Clerk of the Court is directed to file plaintiff's papers, and to cause the United States Marshal to serve copies of the Summons, Complaint, and this Order upon Dr. Connie without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor;

FURTHER, that pursuant to 42 U.S.C. § 1997e(g)(2), the defendants are directed to answer the complaint.

SO ORDERED.

DATED:   Buffalo, New York
         June 27, 2005

_____
JOHN T. ELFVIN
UNITED STATES DISTRICT JUDGE